

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-18-00521-CV

**IN THE INTEREST OF J.B.**

From the 438th Judicial District Court, Bexar County, Texas
Trial Court No. 2017 PA 00747
Honorable Charles E. Montemayor, Judge Presiding

Opinion by:     Irene Rios, Justice

Sitting:          Karen Angelini, Justice
                    Marialyn Barnard, Justice
                    Irene Rios, Justice

Delivered and Filed: November 21, 2018

AFFIRMED

Appellant Father appeals the trial court's order terminating his parental rights to his child, J.B.[1] The only issue presented by Father is whether the evidence is legally and factually sufficient to support the trial court's finding that termination was in the child's best interest. We affirm the trial court's order.

### BACKGROUND

On April 12, 2017, the Texas Department of Family and Protective Services ("Department") filed an amended petition to terminate parental rights. In the supporting affidavit, Department caseworker Jessica Ariza states the Department received a referral alleging physical

---

[1] To protect the identity of a minor child in an appeal from an order terminating parental rights, we refer to the parents as "Mother" and "Father" and the child by its initials. *See* TEX. FAM. CODE ANN. § 109.002(d); TEX. R. APP. P. 9.8(b)(2). The trial court's order terminates both Mother's and Father's parental rights to J.B., but only Father appeals.

abuse and negligent supervision. According to the affidavit, the referral additionally alleged that Mother's "unmanaged substance abuse is a threat to [J.B.'s ongoing safety]." The affidavit further alleged that Mother gave her step-daughter V.B.[2] — J.B.'s older half-sister — drugs and, although aware Mother did so, Father continued to allow Mother access to V.B. The affidavit additionally states the parents, Mother specifically, left J.B. in V.B.'s care despite knowing of V.B.'s marijuana use. According to the affidavit, V.B. informed Ariza that Father was aware of Mother's drug use. During his testimony, Father confirmed he was aware Mother used marijuana, cocaine, and methamphetamine. Father also acknowledged that Mother used drugs around J.B. and that J.B. had been burned while Mother "was lighting up."

The trial court held a bench trial on June 22, 2018, at which Father appeared in person and testified on his own behalf. The trial court signed an order terminating Father's parental rights to J.B. on July 9, 2018.

### STANDARD OF REVIEW AND STATUTORY REQUIREMENTS

To terminate parental rights pursuant to section 161.001 of the Texas Family Code, the Department has the burden to prove by clear and convincing evidence: (1) one of the predicate grounds in subsection 161.001(b)(1); and (2) that termination is in the best interest of the child. *See* TEX. FAM. CODE ANN. §§ 161.001, 161.206(a); *In re A.V.*, 113 S.W.3d 355, 362 (Tex. 2003). In this case, the trial court found evidence of four predicate grounds to terminate Father's parental rights.[3] The trial court also found termination of Father's parental rights was in the best interest of the child.

---

[2] At the time of the referral, V.B. was sixteen years' old. However, prior to the trial on the merits, V.B. was dismissed as a subject of the suit.

[3] The trial court found evidence Father

> knowingly placed or knowingly allowed the child to remain in conditions or surroundings which endanger the physical or emotional well-being of the child,[;] … engaged in conduct or knowingly placed the child with persons who engaged in conduct which endangers the physical or emotional

When reviewing the sufficiency of the evidence, we apply the well-established standards of review. *See* TEX. FAM. CODE ANN. §§ 101.007, 161.206(a); *In re H.R.M.*, 209 S.W.3d 105, 108 (Tex. 2006) (factual sufficiency); *In re J.P.B.*, 180 S.W.3d 570, 573 (Tex. 2005) (legal sufficiency).

## BEST INTERESTS

In determining whether a child's parent is willing and able to provide the child with a safe environment, we consider the factors set forth in Family Code section 263.307(b). *See* TEX. FAM. CODE ANN. § 263.307(b). We also apply the non-exhaustive *Holley* factors to our analysis.[4] *See Holley v. Adams*, 544 S.W.2d 367, 371-72 (Tex. 1976). Evidence that proves one or more statutory ground for termination may also constitute evidence illustrating that termination is in the child's best interest. *In re C.H.*, 89 S.W.3d 17, 28 (Tex. 2002) (holding same evidence may be probative of both section 161.001(b)(1) grounds and best interest, but such evidence does not relieve the State of its burden to prove best interest). "A best interest analysis may consider circumstantial evidence, subjective factors, and the totality of the evidence as well as the direct evidence." *See In re E.D.*, 419 S.W.3d 615, 620 (Tex. App.—San Antonio 2013, pet. denied). "A trier of fact may measure a parent's future conduct by his past conduct and determine whether termination of parental rights is in the child's best interest." *Id.*

---

well-being of the child,[;] … used a controlled substance … in a manner that endangered the health or safety of the child, and (1) failed to complete a court-ordered substance abuse treatment program[,] or (2) after completion of a court-ordered substance abuse treatment program continued to abuse a controlled substance[;] … [and] failed to comply with the provisions of a court order …[.]

*See* TEX. FAM. CODE ANN. § 161.001(b)(1)(D), (E), (P), (O).

[4] These factors include: (1) the child's desires; (2) the child's present and future emotional and physical needs; (3) any present or future emotional and physical danger to the child; (4) the parental abilities of the individuals seeking custody; (5) the programs available to assist the individuals seeking custody to promote the child's best interest; (6) the plans for the child by the individuals or agency seeking custody; (7) the stability of the home or proposed placement; (8) the parent's acts or omissions which may indicate that the existing parent-child relationship is improper; and (9) any excuse for the parent's acts or omissions. *See Holley v. Adams*, 544 S.W.2d 367, 371-72 (Tex. 1976); *In re E.C.R.*, 402 S.W.3d 239, 249 n.9 (Tex. 2013).

## DISCUSSION

Father contends the evidence is legally and factually insufficient to support the trial court's determination that termination of his parental rights is in J.B.'s best interest. Father testified at the bench trial that he completed his service plan. However, Father acknowledged that he was not able to complete the co-parenting class and explained he was unable to complete the class because Mother stopped attending. Father testified that V.B., who had been living with family in Indiana, was returning to live with him upon graduating from high school and turning eighteen. Father stated that he admitted to illegal drug use and verified he received positive results from hair follicle tests in January and April 2018, but asserted he had not used drugs since December 2017. Father further testified that he and Mother were in the process of divorcing and they "cross paths" but they are not in a relationship.

Norma Laison, the first caseworker assigned to the case, was involved with the case from April 2017 to August 2017, when she transferred the case to caseworker Derick Thomas. Thomas testified that J.B., who was six at the time of the trial, entered a foster-to-adopt placement in September 2017. According to Thomas, J.B. was doing very well in his placement. Thomas additionally testified J.B. has a sense of fulfillment and feels as though he belongs. Thomas further testified J.B. considers the placement "home" and the foster mother "mom." According to Thomas, J.B. expressed to Thomas that he wants to be somewhere permanent and wants to stay where he is. Additionally, the CASA volunteer testified J.B. expressed he did not want to go back to Father's house, and wants to change his name and stay where he is. *See In re I.A.M.*, No. 04-16-00095-CV, 2016 WL 4208126 at *9 (Tex. App.—San Antonio Aug. 10, 2016, no pet.) (mem. op.) (noting evidence that children expressed their wishes to remain in their current placement when affirming the trial court's best-interest finding).

Laison and Thomas both testified Father tested positive for the use of drugs during the pendency of the case, which was a violation of his service plan. According to Laison, Father tested positive for the use of cocaine and marijuana in May 2017 while he was engaged in drug treatment. Laison verified Father completed drug treatment in July 2017, but also testified Father tested positive for the use of methamphetamine on August 28, 2017. Thomas testified Father re-engaged in drug treatment and completed the program. However, Thomas also testified Father tested positive twice since November 2017 for the use of cocaine. Thomas opined that termination of Father's parental rights is in J.B.'s best interest because Father has been engaged in a "continuous cycle of drug use." According to Thomas, father did not admit to illegal drug use. Thomas expressed concern that Father refused to acknowledge or admit addiction, but that Father rather feigned ignorance as to how drugs were in his system. *See In re. L.G.R.*, 498 S.W.3d 195, 204 (Tex. App.—Houston [14th Dist.] 2016, pet. denied) ("A parent's drug use supports a finding that termination is in the best interest of the child."); *see also In re A.H.*, No. 04–15–00416–CV, 2015 WL 7565569, at *9 (Tex. App.—San Antonio Nov. 25, 2015, no pet.) (mem. op.) (holding failure to complete family service plan is indicative of failure to prioritize child).

Both Laison and Thomas also testified regarding the relationship between Father and Mother. Laison expressed concern that Father maintained contact with Mother, who had provided V.B. with drugs. Laison further testified regarding concerns for Father's lack of protective capacity, given he left his children in her care although he knew she was using drugs. Laison also characterized the parents' ability to communicate while co-parenting as "not good." Despite Father's testimony to the contrary, according to Thomas, Father informed him he "always comes back to [Mother] and end[s] up [with her]." Thomas described the relationship between Father and Mother as "toxic" and expressed concern that if Father and J.B. were reunified, Father would allow Mother access to J.B because Father was "non-protective" regarding J.B. *Id*. (noting

parent's decision to remain in an abusive or inappropriate relationship as a factor supporting the trial court's best-interest determination).

Having reviewed the record and considered all the evidence in the appropriate light for each standard of review, we conclude the trial court could have formed a firm belief or conviction that termination of Father's parental rights was in the child's best interest. *See* TEX. FAM. CODE ANN. § 161.001(b)(2); *In re H.R.M.*, 209 S.W.3d at 108; *In re J.P.B.*, 180 S.W.3d at 573; *see also generally In re A.B.*, 437 S.W.3d 498, 503 (Tex. 2014) (recognizing an appellate court need not detail the evidence if affirming a termination judgment).

Father's sole issue on appeal is overruled.

## CONCLUSION

For the foregoing reasons, we affirm the trial court's order terminating Father's parental rights.

Irene Rios, Justice